**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DIANE A. PALMER,**

                               **Plaintiff,**

                  v.                                  **5:00-CV-110 (lead)**
                                                    **6:07-CV-702 (member)**
                                                         **(FJS/GHL)**

**NEW YORK STATE OFFICE OF COURT**
**ADMINISTRATION and STATE OF NEW YORK,**

                              **Defendants.**
_____

**APPEARANCES**                                          **OF COUNSEL**

**A.J. BOSMAN LAW OFFICE**                      **A.J. BOSMAN, ESQ.**
6599 Martin Street
Rome, New York 13440
Attorneys for Plaintiff

**NEW YORK STATE UNIFIED COURT SYSTEM**   **ELLEN SMITHBERG, ESQ.**
**OFFICE OF COURT ADMINISTRATION**        **MICHAEL COLODNER, ESQ.**
25 Beaver Street
New York, New York 10004
Attorneys for Defendant Office of Court Administration

**OFFICE OF THE NEW YORK**                    **SENTA B. SIUDA, AAG**
**STATE ATTORNEY GENERAL**
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455
Attorney for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

      Plaintiff, who suffers from asthma and hypoglycemia, began working as a court reporter

for Defendant New York State Office of Court Administration ("OCA") on August 18, 1988.

Two months later, Plaintiff's asthma required that she be hospitalized for five days. Plaintiff informed Defendant OCA that her return to work was uncertain. Nevertheless, following her hospitalization, Plaintiff apparently returned to work; her stay, however, was short-lived. In November 1988, Plaintiff's asthma again required her hospitalization. At that time, Defendant OCA advertised to fill Plaintiff's court-reporter position. Apparently, Defendant OCA declined to interview Plaintiff for this position. Plaintiff alleges that she diligently sought other court-reporter positions throughout New York but that Defendant OCA denied her employment.

In September 1989, Plaintiff filed charges against Defendant OCA with the United States Equal Employment Opportunity Commission ("EEOC") alleging violations of the New York State Human Rights Law. In June 1991, Plaintiff again filed charges against Defendant OCA with the EEOC, alleging that Defendant OCA discriminated against her due to her asthma. Plaintiff further alleged a retaliatory motive in Defendant OCA's failure to rehire her.

In any event, Judge Mark Meddaugh, of the Sullivan County Family Court, hired Plaintiff as a court reporter on December 2, 1993. Plaintiff's supervisors at the Sullivan County Family Court, aware that Plaintiff had previously worked in the Onondaga Family Court, subsequently contacted the references whom Plaintiff listed. Plaintiff alleges that Defendant OCA then learned that she had previously filed charges of discrimination against it. On November 10, 1994, Plaintiff received a letter from Judge Meddaugh advising her that the "District Office" had instructed him to terminate her employment effective November 30, 1994. On June 28, 1995, Plaintiff filed a third charge with the EEOC, alleging that Defendant OCA discriminated against her by terminating her employment with the Sullivan County Family Court. On October 21, 1999, Plaintiff received a Dismissal and Notice of Rights from the

EEOC, which adopted the findings of the state or local fair employment practices agency that investigated this charge and, thus, disposed of her third EEOC filing.

Based upon the above facts, on January 19, 2000, Plaintiff filed the instant action against Defendant OCA, alleging violations of Title I of the Americans with Disabilities Act of 1990, 28 U.S.C. §§ 12101 *et seq.*, ("ADA"), breach of contract, and retaliation in violation of the ADA for filing complaints with the EEOC. *See* Dkt. Nos. 1, 61. Plaintiff sought unspecified compensatory and punitive damages, as well as injunctive relief. By decision dated April 24, 2006, Judge Munson granted Defendant OCA's motion to dismiss Plaintiff's ADA Title I claims for compensatory and punitive damages, her ADA Title II claim, her Rehabilitation Act claim, and her breach-of-contract claim but granted Plaintiff's cross-motion to amend her complaint to include only injunctive and declaratory relief under Title I of the ADA. *See* Dkt. No. 55. On October 20, 2006, Plaintiff filed the second amended complaint at issue here. *See* Dkt. No. 61. Thereafter, Plaintiff filed a related action against Defendant New York State on July 5, 2007, alleging that it had retaliated against her in violation of Title VII of the Civil Rights Act of 1964.

Currently before the Court are Defendant OCA's motion for summary judgment and Defendant New York State's motion for summary judgment.

## II. DISCUSSION

### A.     Defendant OCA's motion for summary judgment

The Eleventh Amendment serves as a jurisdictional bar to suits against a state agency, regardless of the nature of the relief sought, including suits in equity, unless there has been a

valid waiver or abrogation of the state's immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted); *Green v. Mansour*, 474 U.S. 64, 72-73 (1985). Title I of the ADA does not abrogate the states' sovereign immunity. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001).

A narrow exception to this principle, however, allows a federal court to issue a prospective injunction against a state official in his official capacity who is acting contrary to federal law. *See Ex parte Young*, 209 U.S. 123, 155-56 (1908); *Pennhurst*, 465 U.S. at 102; *N.Y. Health & Hosps. Corp. v. Perales*, 50 F.3d 129, 135 (2d Cir. 1995) (citation omitted). This exception is limited in scope and is authorized to "'vindicate the federal interest in assuring supremacy of that law.'" *Perales*, 50 F.3d at 135 (quotation omitted). "Such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities." *Ghent v. Moore*, 519 F. Supp. 2d 328, 334 (W.D.N.Y. 2007) (citing *Santiago v. New York State Dep't of Correctional Services*, 945 F.2d 25, 32 (2d Cir. 1991)) (other citations omitted).

In the present matter, Plaintiff filed her initial complaint on January 19, 2000, alleging disability discrimination under the ADA and violations of her collective bargaining agreement. *See* Dkt. No. 1. Thereafter, the Court granted Plaintiff leave to amend and, on November 6, 2000, she filed her first amended complaint, which included several new causes of action alleging termination based on the perception of her disabilities and discharge in retaliation for filing complaints with the EEOC. *See* Dkt. No. 24. In response to Defendant OCA's motion for judgment on the pleadings, Plaintiff again moved to amend her complaint to include violations under Title II of the ADA and Section 504 of the Rehabilitation Act. *See* Dkt. No. 48. By

decision dated April 24, 2006, Judge Munson granted Defendant OCA's motion dismissing Plaintiff's ADA Title I claims for compensatory and punitive damages, her ADA Title II claim, her Rehabilitation Act claim, and her breach-of-contract claim but granted Plaintiff's cross-motion to amend her complaint to include only injunctive and declaratory relief under Title I of the ADA. *See* Dkt. No. 55.

As Defendant OCA correctly asserts, Plaintiff failed to name any individual defendants in this action and, instead, brought suit against only Defendant New York State and Defendant OCA, an agency of the state. *See Posr v. Court Officer Shield #207*, 180 F.3d 409, 414 (2d Cir. 1999) (holding that "[t]he State Office of Court Administration is an arm of the State and therefore immune" from suits under the Eleventh Amendment); *Bland v. New York*, 263 F. Supp. 2d 526, 534 (E.D.N.Y. 2003) (citation omitted). Moreover, contrary to Plaintiff's assertion, Defendant OCA did not waive its objection to the Court's subject-matter jurisdiction by failing to raise it in either of its previous motions to dismiss. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1945 (2009) (holding that "[s]ubject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt" (citations omitted)).

Accordingly, the Court finds that the Eleventh Amendment bars Plaintiff's claim for injunctive relief against Defendant OCA and, therefore, grants Defendant OCA's motion for summary judgment and dismisses Plaintiff's second amended complaint against Defendant OCA. *See Santiago v. N.Y.S. Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir. 1991) (holding that, "[a]lthough [the plaintiff's] claim for an injunction against DOCS is not barred by the Eleventh Amendment's ban on retroactive damage actions, it too must be dismissed because it does not follow the requirement, established in *Ex Parte Young*, that a plaintiff seeking prospective relief

from the state must name as defendant a state official rather than the state or a state agency directly, even though in reality the suit is against the state and any funds required to be expended by an award of prospective relief will come from the state's treasury" (citation omitted)).

**B.      Defendant New York State's motion for summary judgment**

Defendant New York State asserts that the Court should grant its motion for summary judgment because (1) Plaintiff cannot bring suit under Title VII without a right to sue letter;[1] (2) it was not Plaintiff's employer; and (3) Plaintiff fails to state a claim for retaliation under Title VII. *See* Dkt. No. 123-10.

Title VII provides, in relevant part, that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1).  Moreover, Title VII makes it unlawful for an employer to retaliate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

Defendant New York State alleges that Plaintiff fails to state a Title VII claim because the administrative charges upon which she bases her claim do not state violations of Title VII. *See* Dkt. No. 123-10 at 3.

---

[1] Although Defendant New York State asserts that Plaintiff cannot bring suit without a right to sue letter, it admits that the Court previously rejected this argument. *See* Dkt. No. 123-10 at 3.

-6-

In Plaintiff's 1989 charge, she only claimed disability discrimination. *See* Dkt. No. 123-2 at 7. Specifically, Plaintiff alleged that she was denied employment opportunities because of her asthma. *See id.*; *see also* Dkt. No. 122-17 at 1. In Plaintiff's 1991 charge, Plaintiff claimed discrimination on the basis of disability, age, and retaliation. *See* Dkt. No. 122-18 at 1. In her complaint before this Court, Plaintiff states that,

> [o]n or about June 12, 1991, Plaintiff filed a charge of retaliation under, inter alia, Title VII alleging that the State of New York and the New York State Office of Court Administration retaliated against her for filing her 1989 charge of discrimination, which was also filed under Title VII. Plaintiff's instant cause of action is based upon her 1991 charge of retaliation.

*See* Dkt. No. 1 at 6 in No. 6:07-CV-702.

Plaintiff's complaint makes clear that she is only alleging retaliation for filing her 1989 charge. Although Plaintiff states that she filed her 1989 charge, in part, under Title VII, the 1989 charge only alleged disability discrimination, which Title VII does not cover. Morever, although Plaintiff's 1991 charge alleged age discrimination, Title VII does not cover age discrimination and the ADA did not become effective until July 26, 1992. *See* P.L. 101-336, 104 Stat. 327, sec. 108.

Accordingly, the Court finds that Plaintiff's complaint fails to state a cause of action for Title VII retaliation against Defendant New York State. *See Cody v. County of Nassau*, 345 Fed. Appx. 717, 718 (2d Cir. 2009) (holding that the plaintiff's "retaliation claim brought pursuant to Title VII fails as a matter of law because although Title VII protects an employee from retaliation resulting from a complaint of discrimination based on 'race, color, religion, sex, or national origin,' 42 U.S.C. § 2000e-2, it does not protect an employee on the basis of disability,

*see* 42 U.S.C. § 2000c-3[.]").[2]  Therefore, the Court grants Defendant New York State's motion for summary judgment.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant OCA's motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that Defendant New York State's motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: September 15, 2010
　　　　Syracuse, New York

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　Frederick J. Scullin, Jr.
　　　　　　　　　　　　　　　　　　Senior United States District Court Judge

---

[2] Alternatively, the Court finds that Defendant New York State was not Plaintiff's "employer" for Title VII purposes. *See Farrell v. State of New York*, 946 F. Supp. 185, 191 (N.D.N.Y. 1996) (holding that, for Title VII purposes, the plaintiff, a New York State Trooper, was an employee of the New York State Division of State Police, not New York State).